HAWLEY (MOLSON v.). See Case No. 9,-702.

---

## Case No. 6,251.

### HAWORTH v. NYSTROM.

[8 Wkly. Notes Cas. 204.]

Circuit Court, E. D. Pennsylvania. May 13, 1879.

COPYRIGHT—JURISDICTION.

Where the question of copyright is merely incidental to a dispute about a contract for the original composition of a literary work, the United States courts will not entertain jurisdiction.

Sur demurrer to bill. Bill in equity, filed by Haworth against Nystrom, both citizens of Pennsylvania, averring that the defendant, who was a civil engineer, had contracted with the complainant to prepare and furnish a report upon the Philadelphia water supply, the MS. to be signed by the defendant and two associates, and to be delivered "ready for printing;" that the consideration agreed upon for such service was $600, all of which, except a balance of $6.60, had been paid during the preparation of the report; that when the report was virtually finished, and nearly all printed, the defendant delivered to plaintiff an incomplete proof, with a bill for $25.00, less the amount already paid, for the services of himself and his associates, this claim being founded upon an alleged parol alteration of the contract, which alteration plaintiff denied; that upon the complainant's refusal to pay the increased demand the defendant, Nystrom, without the knowledge of the plaintiff, copyrighted the report in his, Nystrom's, name, and thereby prevented the complainant from using the same, although the latter was equitably entitled to the copyright; and that the defendant admitted the title to said report to be in the complainant, and his willingness to assign the copyright to the latter upon payment of the balance claimed. The bill prayed that the defendant be enjoined from publishing the report or assigning the copyright to any other person than complainant. Demurrer for want of jurisdiction.

Mr. Williams, with him R. P. White, for the demurrer.

The question, though nominally about a copyright, is really whether the original contract was changed. The demurrer admits the facts stated, but not the legal inference that the right to an assignment of the copyright is in complainant. The facts admitted show merely a dispute about a contract, and jurisdiction cannot be given by introducing

the collateral fact that a copyright was taken out.

A. Sidney Biddle, contra.

The demurrer admits the facts, and among them the allegation that the original contract was the actual subsisting one, for the bill denies any alteration in the terms of that agreement. Admits this, and the necessary inference is that the right to copyright was Haworth's. It was just as much his, on these admitted facts, as if, after delivery and payment in full, a stranger had stolen a copy and had it copyrighted, falsely pretending that the work was his property. Would this court have entertained jurisdiction in such a case on a bill filed by the true owner? If it would, it should do so here. The fact of a dispute about the terms of the contract is immaterial, for the pleadings show an admission of the true contract by the defendant, and upon those pleadings Nystrom should be regarded as an utter stranger who had purloined a copy and copyrighted it without color of title.

BUTLER, District Judge. The only case set out in the bill, as we understand it is that predicated on the defendant's failure to perform his contract therein stated, and as both parties reside in Pennsylvania, this court has no jurisdiction of that.

The argument that the plaintiff may be regarded as standing on the copyright named as owner thereof, seeking relief against the defendant for infringement, is very ingenious, but cannot be accepted as sound. The demurrer must be sustained and the bill dismissed, without prejudice.

———

HAWORTH (PARKER v.). See Case No. 10,738.

HAWS (HAMMOND v.). See Case No. 6,002.

HAWSMAN (SCOTT v.). See Case No. 12,-532.

HAWTHORNE (UNITED STATES v.). See Case No. 15,332.

HAWXHURST (WALKER v.). See Case No. 17,071.

———

## Case No. 6,252.

### In re HAY.

[6 Chi. Leg. News, 256.]

District Court, N. D. Illinois. 1874.

HUSBAND AND WIFE — RIGHT OF WIFE TO EARN-INGS—ILLINOIS STATUTE.

[1. A married woman is entitled, under the Illinois statute of 1869, to retain as her own, commissions earned in making sales for her husband, under a contract of agency with him.]

[2. The provision in the statute that it shall not be construed to give the wife any right to compensation for any labor performed for her husband or minor children, is inapplicable to cases where there is a special agreement between the husband and wife.]

In the matter of the bankruptcy of Jonathan Hay, of Freeport, Ill. On the petitions of Elizabeth and Ada Hay, wife and daughter of the bankrupt, for a return of an upright Steinway piano and several articles of personal property, which they claim as their private property, and which were taken under a warrant of seizure against the estate of the bankrupt.

Alta M. Hulett, for Mrs. and Miss Hay.

John M. Bailey represented the bankrupt's assignee.